UNITED STATES, Appellee

v

NATIVIDAD N. GARCIA, JR., Private First Class,
U. S. Marine Corps, Appellant

22 USCMA 8, 46 CMR 8

No. 25,435

November 10, 1972

*Lieutenant Kenneth N. Beth*, JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant James R. Lamb*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Commander Michael F. Fasanaro, Jr.*, JAGC, USN, *Lieutenant Colonel G. L. Bailey*, USMC, and *Lieutenant Commander Harvey E. Little*, JAGC, USN.

DARDEN, Chief Judge:

Convicted by general court-martial of conspiracy to cause a riot and riot, the accused contends that the military judge erred in refusing to instruct on the credibility to be accorded an accomplice's testimony.

During the evening of November 10, 1970, several fights erupted at the Marine Corps Birthday Ball, held at Camp Pendleton, California. Following the disturbance, a group of Marines attended a meeting in their barracks that resulted in a determination to obtain revenge the following evening by attacking other Marines at the Pendleton open-air theater.

On the night of November 11, 1970, the group met at the barracks, armed themselves, and proceeded to the theater. There they sat together and, following the show, attacked various other Marines as they departed from the theater.

Lance Corporal Herman Owens and Corporal Randolph Drummer testified to the accused's participation in these events. Owens admitted that he participated in a fight at the Birthday Ball, was a spectator at the meeting following the Ball, accompanied the group to the theater, and observed the ensuing riot. Nevertheless, he denied any participation in the planning or execution of the disturbance.

Drummer apparently was not present at the initial meeting of the conspirators but accompanied them to the theater. Recovering from a recently fractured leg, Drummer walked with a cane. According to his testimony, the cane was stolen from him in the theater. As he was leaving during the riot, he found a broken portion at the foot of the theater steps. He took it back to his barracks and disposed of it. The other part of the cane was found under a bed in Drummer's barracks bay.

Drummer also denied participating in the riot. Although he had been charged with the offense and acquitted, his name continued to be alleged as a co-actor in the riot specification against the accused.

The trial defense counsel requested the military judge to instruct the court concerning the effect of Drummer's role as an accomplice on his credibility. The military judge noted the absence of evidence Drummer was an accomplice. In reply, counsel stated that he "realized[d] that" but believed the advice was required because Drummer was named as a co-actor in the specification, "coupled with the evidence that DRUMMER has given in his testimony." Counsel made no request for an instruction regarding the testimony of Owens. The defense nonetheless argues at this level that the instruction should have been given for both witnesses.

This Court has considered the question of accomplice testimony on several occasions. United States v Bey, 4 USCMA 665, 16 CMR 239 (1954); United States v Scoles, 14 USCMA 14, 33 CMR 226 (1963); United States v Winborn, 14 USCMA 277, 34 CMR 57 (1963); United States v Lell, 16 USCMA 161, 36 CMR 317 (1966). In *Bey*, an accomplice was defined as one who was involved with another in the commission of a crime. See also Egan v United States, 287 Fed 958 (CA DC Cir) (1923). In *Scoles*, the Court, faced with the contention that a witness could not be an accomplice because he was not subject to military jurisdiction, rejected the argument and declared that a witness should be considered an accomplice if he was "culpably involved." 14 USCMA, at page 19.

Many Federal cases have laid down similar tests for determining whether a witness is an accomplice. Egan v United States, supra. In Stephenson v United States, 211 F2d 702 (CA 9th Cir) (1954), the usual standard was said to be whether the witness could be prosecuted for the identical crime with which the defendant was charged. United States v Balodimas, 177 F2d 485,

487 (CA 7th Cir) (1949), expressed the test as being whether the witness is " 'an associate in guilt in the commission of a crime, a participant in the offense as principal or accessory.' " Risinger v United States, 236 F2d 96, 99 (CA 5th Cir) (1956), declared the determinant as being whether the witness was "concerned in the commission of the specific crime with which the defendant is charged, he must be an associate in guilt of that crime, a participant in that offense as principal or accessory." Phelps v United States, 252 F2d 49, 52, footnote 3 (CA 5th Cir) (1958), is to the same effect. United States v DeCicco, 424 F2d 531 (CA 5th Cir) (1970), added that the witness must be subject to indictment or conviction for the identical offense. See also United States v Nolte, 440 F2d 1124 (CA 5th Cir) (1971).

The distinction between the test laid down in the Federal decisions and that of this Court is more a choice of language than a difference in concept. We measure the witness' involvement as an accomplice generally by the rule of whether he is subject to trial for the offense with which the accused is charged. While the various opinions speak in terms of indictment, conviction, being culpably involved, or similar phrases, the real issue presented is whether the evidence establishes that the witness was subject to criminal liability for the same crime as the accused. An affirmative answer establishes that he is an accomplice, while, with some exceptions, a negative answer determines that he is not.

Turning to the testimony in the record before us, both Owens and Drummer repeatedly denied any participation in the riot or conspiracy. The evidence did not establish any act by either that would give rise to criminal liability for these offenses. While Owens admitted his presence at the initial meeting and at the theater,

and Drummer his attendance at the latter, the "mere fact that one is present at the scene of a crime is not sufficient to make one an accomplice." United States v Holt, 427 F2d 1114, 1117 (CA 8th Cir) (1970).

Trial defense counsel conceded that the evidence did not establish Drummer to be an accomplice but contended the accused was entitled to the instruction because the witness was named in the riot charge as a co-accused. The better view "is that a person jointly indicted with accused is not to be regarded as an accomplice merely because of the fact that he has been so indicted. . . . Certainly, where a person jointly indicted with accused has been tried and found not guilty he is not an accomplice of accused." 23 CJS, Criminal Law, § 793. Drummer's situation falls squarely within the quoted principle.

This approach to the law of accomplice testimony was followed in this Court's early holding that the existence of charges and their reference to trial constitute no evidence of guilt. United States v Deain, 5 USCMA 44, 17 CMR 44 (1954). The same principle applies to accomplices, who, as in the case of an accused, must be "presumed to be innocent until shown by the evidence to be an accomplice." United States v Hannon, 105 F2d 390, 391 (CA 3d Cir) (1939).

As the evidence did not make Owens an accomplice and as neither the evidence nor his being alleged to be a co-accused makes Drummer an accomplice, we find no error in the military judge's refusal to instruct on the effect of accomplice testimony as to Drummer or his failure to do so as to Owens.

The decision of the Court of Military Review is affirmed.

Judges QUINN and DUNCAN concur.